FILED
SUPERIOR COURT
OF GUAM

2023 SEP 19 PM 3: 10

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

| PEOPLE OF GUAM,<br><br>vs.<br><br>**GREGORIO TRIO DENAMARQUEZ, JR.,**<br><br>Defendant. | **CRIMINAL CASE NO. CF0260-22**<br><br>**DECISION AND ORDER** |
|---|---|

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on June 20, 2023, for hearing on Defendant **GREGORIO TRIO DENAMARQUEZ, JR.'s** ("Defendant") Motion for Discovery Brady. Present were Assistant Attorney General Christine S. Tenorio on behalf of the People of Guam ("the Government") and Defendant with counsel, William L. Gavras. Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

## BACKGROUND

On May 2, 2023, a grand jury indicted Defendant with five counts of Second Degree Criminal Sexual Conduct (As a First Degree Felony). (Indictment, May 2, 2023). These charges stem from allegations that Defendant touched a young female minor known to him on the buttock, inner thigh, and primary genital area over the course of several years. (Decl. of Jeremiah Luther, Magistrate's Compl., Apr. 22, 2022).

On May 8, 2023, Defendant filed the instant Motion. On June 6, 2023, the Government filed its Opposition. On June 13, 2023, Defendant filed his Reply.

*People v. Denamarquez*
Case No. CF0260-22
Decision and Order

On June 20, 2023, the Court heard brief arguments on the Motion and subsequently placed the matter under advisement.

## DISCUSSION

Defendant moves the Court to compel the Government to turn over "facts (including statements) the A.G. uncovered and obtained in its prosecution of Gregorio Denamarquez, Sr." (Mot. Compel at 2). Defendant sets forth that the "prosecution of Denamarquez, Sr. is *Brady* material as the [alleged victim's] sister is integral to the [bringing] of these charges in that her talk with the [alleged victim] led to these charges being brought. The specifics contained within the A.G.'s file are equally valuable to Defendant and constitute *Brady* material as they necessarily explain some of the underlying facts leading to the instant prosecution of Defendant." *Id.* at 3. In its Opposition, the Government indicates that Defendant's father, Gregorio Denamarquez, Sr., has not been charged by the Office of the Attorney General of Guam and that it was unaware of an investigation concerning him until the Motion was filed. (Opp'n at 2). The Government now has in its possession a police report concerning Defendant's father regarding allegations made by the victim's older sister, S.D.J. (DOB: 10/07/2002). *Id.* According to the Government, "officers of the Guam Police Department have confirmed that there is an open investigation against Denamarquez Sr. and [he] has not been arrested yet." *Id.* The Government opposes turning over the police report because (1) it is confidential as part of an open investigation and (2) it does not constitute exculpatory evidence or *Brady* material. *Id.* at 2-5. Under Guam law, police reports "are confidential and exempt from public inspection except as ordered by a court." 10 G.C.A. § 77129.

As a preliminary matter, the Court notes that "[t]here is no general constitutional right to discovery in a criminal case." *People v. Orallo,* 2004 Guam 5 ¶ 9 (quoting *Weatherford v. Bursey,* 429 U.S. 545, 559 (1977)) (alteration in original). "[T]he right to pre-trial discovery is strictly limited to that which is permitted by statute or court rule mandated by constitutional guarantees." *Id.* (quoting *Cole v. State,* 835 A.2d 600, 608 (Md. 2003)). Guam law provides that upon a defendant's noticed motion, the court must order the prosecutor to disclose information enumerated under 8 G.C.A. § 70.10 that is "within his possession or control, the existence of

which is known, or by the exercise of due diligence may become known to the prosecuting attorney." 8 G.C.A. § 70.10(a). "The disclosure of exculpatory evidence is required by section 70.10(a)(7) which codifies and expands upon the constitutional due process requirement, set forth in *Brady v. Maryland*, 373 U.S. 83 (1963), that the prosecution must disclose evidence favorable to the defendant which is material to guilt or punishment." *Orallo,* 2004 Guam 5 ¶ 12. *Brady* evidence "includes impeachment evidence relating to government witnesses." *People v. Fisher,* 2001 Guam 2 ¶ 12 (citing *United States v. Bagley,* 473 U.S. 667, 676 (1985)). "In addition to these mandatory disclosures, the court may order, in its discretion, that the prosecution turn over other evidence upon a showing of materiality to the preparation of his defense and that the request is reasonable." *People v. Mateo,* 2017 Guam 22 ¶ 15 (quoting 8 G.C.A. § 70.15(a)). "[U]nder both sections 70.10 and 70.15, as well as our holding in *Tuncap*, a threshold showing of materiality must be established before the prosecution is obligated to turn over evidence to the defendant either automatically (under section 70.10 and *Brady*) or following a motion by the defendant (under section 70.15)." *Id.*

As there is no charged criminal case against Defendant's father, Denamarquez, Sr., the only issue before the Court at this time is whether the police report must be turned over as discovery to Defendant. The Government indicates that it has "reviewed the police report and [has] confirmed that the victim in the Denamarquez Jr. case and Denamarquez, Jr. are not mentioned anywhere in the report." (Opp'n at 2). The Court is inclined to agree with the Government that "[t]he requested information – any statements given [by] the Victim's sister to the Guam Police Department regarding an individual that [is] neither a defendant in the instant case nor a witness – does not negate the guilt of Defendant." *Id.* at 4. The Court will not order the Government to turn over the police report regarding Defendant's father, Denamarquez, Sr. Defendant can cross-examine both the alleged victim and her older sister at trial as to how the charges against Defendant in the instant matter were brought.

//

//

//

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Discovery. A **Status Hearing** is set for **October 3, 2023** at **9:30 a.m.** Parties should be prepared to discuss trial dates at that time.

**IT IS SO ORDERED** this 19th day of September, 2023.

_____
HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam